Mr. Knight is appearing via video. He is granted permission to do that. Mr. Knight, can you hear me okay? Yes, I can hear you. Good, and we can hear and see you very clearly. So good. Thank you. The technology is amazing. Thank you. We'll be proceeding then. You have five minutes total, but you reserved a minute for rebuttal. So that gives you four minutes to begin. You may proceed. May it please the Court, my name is Kathleen Knight. I'm a plaintiff appellant. My argument is I've possessed a federal firearm license since roughly 2009, I believe, 2011 maybe. But the state of New York requires me to also get a state-level dealer's license. The state-level dealer's license is issued in my area by the NYPD. I can't apply for the license because on the face of the license, you have to physically open a gun store with a certificate of occupancy before you can apply for the state-level dealer's license from the NYPD. I have no intention of opening a retail store. I am e-commerce and gun show based, which is allowed by federal law. The city of New York is actively saying, well, we're going to remove your ability to sell firearms over the Internet and go to gun shows and pigeonhole you into opening a physical gun store, which isn't required under federal law or any law. I have four firearms that I own now in New York City. I purchased all of those four handguns from online dealers. The physical firearm has to be shipped to a physical gun store in New York City, which I went to Westside Rifle and Pistol Range on 20th Street to pick it up. If you were to purchase a firearm from my company, e-commerce based, it's the same thing. It could be in any state. You don't have to be in New York State. You don't have to be in New York City. You would go to my website. Once my website is set up, you would make the purchase. It would either be shipped directly from a distributor to the FFL in your state where the customer would physically go and pick it up, do the background check, things of that nature, and then receive the firearm. Federal law also allows me to keep inventory at off-site storage locations in any state in the U.S. So I, living in an apartment, I cannot keep inventory in my home. I cannot make sales from my home. I have no intention of doing that. I had this discussion with the ATF when I received my license. That's not a problem. My only thing is they won't correct the application to say, well, hey, if you're an internet dealer, check here. If you do gun shows, check here. If you're a retailer, check here. If you're all three, check all three. If you're two or three, check the two. If you're just an internet-based dealer, okay, these are the provisions you need to fill out the application. Mr. Knight, are there other regulations that would prohibit you from operating a business out of your home? No. Any kind of business? No. You can't sell anything from your home physically that you didn't create in your home. I even contacted the zoning board and have a letter from them. There's nothing stopping me from having a home occupation where I sit on my laptop, somebody orders something from my website, and it gets sent to them from a distributor or from an off-site storage location, which is allowed by federal law. I don't have to even touch it. The customer doesn't come to my home. It's just an item shipped. I've got all my firearms the same exact way. That's known as a transfer under federal law. There's nothing prohibiting me. I contacted the zoning board. I contacted the ATF, USDOJ. I just can't sell anything physically from my home. There's nothing stopping me from getting on my computer and processing a sale, and it gets shipped from a distributor to, say, a customer in Texas. It would go to a physical FFL in Texas. The customer would pick it up. But I don't have access to inventory because the inventory distributors want the state dealer's license, which I can't get. Now, on the face of the application, it requests a certificate of occupancy for a gun dealer. First of all, I have to open a physical store. So if I open a physical gun store, say, in Manhattan, I apply for a certificate of occupancy from the city. They go, well, you have a federal license, but where's your local license? As far as we're concerned, you're not a gun dealer here because you don't have the local license. So you can't get the certificate of occupancy to be a gun dealer because you need the state-level license. I go to the NYPD. Okay, NYPD, I would like to apply for the state-level license. They say you can't apply for the license because you don't have a certificate of occupancy with the store for you to be a gun dealer. So there are physical gun dealers in New York City who have stores, but my perception of that is they simply went through the process, opened the store, rolled the dice, and applied, and it got approved. If I open this physical gun store, which is a requirement, it's not an option, what happens if I apply and I don't get the license? What happens when I'm applying, it takes up to six months to approve the license. How am I paying for a store for six months with no inventory? I can't even make a sale. So Mr. Knight, we're running out of time, but I wanted to get to another point. So the district court really went off just on standing, but I guess the magistrate judge did also talk about the merits, and I'm just trying to make sure I understand. With respect to the physical location requirement, for there to be a Second Amendment violation, you've got to be able to show that this restriction makes acquiring firearms sufficiently more difficult so as to meaningfully constrain individuals from keeping or bearing firearms. I guess it's not clear to me that you've alleged that. It's not clear to me that that would be the case here. It's restrictive to your business, but it's not clear that it will really meaningfully impact the ability of anybody to purchase a gun. I can explain that, Your Honor. Okay. Firearms fall under the Second Amendment. This is a Commerce Clause case. They are inhibiting me from conducting business. It's not technically a Second Amendment case saying no one can get a firearm. Your Second Amendment rights have been violated. I'm saying as a business owner, if you look under Givens v. Ogden, you're saying I cannot conduct business anywhere at all unless you give me this state dealer's license, which you refuse to give me. I have a letter from the NYPD stating that New York City Administrative Code has no provision for Internet sales of firearms. I have another letter from the NYPD stating that if you don't have the local license, you can't sell firearms at gun shows, over the Internet, or anywhere. So they're prohibiting me from conducting business. There aren't any gun shows in New York City. I would have to go to Westchester or upstate. Why is the New York City Police Department telling me as a federally licensed firearms dealer I can't conduct a gun show? It's not even in New York City. They have no purview over New York City. They have no purview over me selling firearms out of state. All right. So we've gone over, but you've got a minute for rebuttal. So I want to hear from Mr. Mechanic now. So just sit tight, and hopefully you'll be able to hear and see Mr. Mechanic. And I am pronouncing that right, Mr. Mechanic? You are. Thank you. May it please the Court, Chase Mechanic for the Appalese City of New York and the New York City Police Commissioner. The district court did not err in adopting the conclusion of the report and recommendation that Mr. Knight lacked standing to challenge the brick-and-mortar requirement and the 90-day waiting period. Just a prefatory comment. Mr. Knight did not raise specific objections as to the bulk of the magistrate judge's standing analysis, including many of the arguments that we heard today, and we pointed this out in our brief. Let's talk about the place of business requirement. That's where Mr. Knight was focused and where I'm interested in focusing. And so why – I guess I'm trying to understand why there is not standing there. I mean, he's likely to be prosecuted for selling guns without a license, right? So the reason there's not standing is because any injury, in fact, would not be redressable by a favorable judgment from this court. And we pointed this out. Under the zoning resolution, and this is at – So because he would get – he could get an infraction for violating a zoning regulation, that means that the felony convictions related to selling without a license are meaningless? Well, I don't know. Given that he's not permitted to operate, or he hasn't demonstrated that he would be permitted to operate out of compliance with the zoning resolution, I think we can only speculate that he would then defy the zoning resolution in order to put himself into a position. But why isn't this the sort of partial remedy that the Supreme Court and other courts have recognized is sufficient to establish standing? I don't think it's sufficient to establish standing. I think that, as the report and recommendation pointed out, given that there are independent bars to allowing the kind of business that he proposes to operate, even if – even if he – What are those independent bars? So if you look at ECF number 6212, there's a correspondence from the New York City Department of City Planning stating that Mr. Knight is zoned in an R-72 residential district. In order to conduct business out of his apartment, the only exception that he argues would apply is the home occupation exception. Mr. Knight, who bears the burden to demonstrate standing, hasn't demonstrated that the way he proposes to operate his business out of the apartment He says that he is not going to actually take physical possession of firearms.  Does that matter? It may not matter because we can't assume or we can't speculate that the only thing he would be doing is sitting on his couch and operating his website out of his laptop. There are other requirements. There are recordkeeping requirements. I don't know if he plans to keep records at his apartment. I don't know if there would – even if he's not storing inventory or conducting physical sales out of his apartment, I don't know whether he would be potentially consulting with customers. But he's got to prove all of those things before he's got standing in your world. He has to allege that he has proposed a plan of business that would at least facially be compliant with the zoning resolution. And if he hasn't – Why does he have to do that? Because he bears the burden with respect to standing. Well, I understand that. The point is you're saying that in order to have standing, you've got to establish that you have met all the requirements, local, State, regulatory, to be able to sell a firearm before you can challenge a firearm regulation. That's what you're saying, right? Well, you have to establish that there aren't other – that you have to plead facts or establish facts that establish that there aren't independent bars to stand in. That is correct. And – So I guess I'm trying to figure out what's your best case for that. Certainly that's, I think, very hard to square with recent Supreme Court cases and certainly out of the Seventh and Eighth Circuit, right? I don't have the Seventh and Eighth Circuit cases in front of me that Your Honor may be referring to. Well, redress – I mean, this is the Eighth Circuit, Animal Legal Defense Fund v. Reynolds. Redressability exists when a favorable decision will relieve the plaintiffs of a discreet injury, even if it does not relieve them of every injury. So you're basically saying, I think, that because there's some other potential roadblock to Mr. Knight selling a firearm, he doesn't have standing to challenge this place-of-business requirement. Well, I don't believe it would relieve – with respect to the place-of-business requirement, I don't believe it would relieve him of any injury if there – if the applicable provisions of the zoning resolution would prohibit him from operating his business out of the apartment the way he – the way he intends to or the way his pleadings would suggest. So I see my time is about up. We rest on our briefs and ask the Court to affirm. Thank you. I guess – I mean, the district court didn't get, obviously, to the merits. It was all done on standing. Correct. If you – correct. So if you – if you find that there is not standing as to part of the claims here, the district court expressly reserved a decision on standing. So that would be a remand with respect to those claims. Well, I guess that's the question, or is that something we could decide here based on the pleadings? Well, I think – I think – I think best practice would be that where the district court – Well, the magistrate judge did get to it, right? The magistrate judge got to it, but the district court did not. So I – so I think that the best practice would be to remand to the district court for consideration in the first instance. And why would that be better, since we're all just looking at the pleadings and the magistrate judge has already taken a crack at it? Well, because there were – there were objections on the merits. In fact, Mr. Knight focused most of his objections to the report and recommendation on the merits, and I think the district court should have an opportunity to review those objections. All right. Thank you. Thank you. Mr. Knight, you have a minute of rebuttal. So the floor is yours. Okay, Your Honor. I have an exhibit within my paperwork, Exhibit 18. The judge specifically asked the city of New York, should Mr. Knight be prohibited from facially challenging the rules that prohibit him to conduct business based upon the fact that there's no way he could apply for this license without having a store first? They responded to the judge. The response was inappropriate to the question. The judge sent them another letter saying this is not answering what I asked of you. They sent another letter back saying we withdraw our statements partially, insofar as Mr. Knight being able to make a facial challenge to the licensing scheme and needing to possess a certificate of occupancy. So they've already conceded that I can make a facial challenge to the law. My only thing is there's nothing barring me from selling firearms over the Internet like any other product. I just can't keep inventory in my home. I follow that rule. I can't have customers coming to my home. I also will ask these questions of the ATF when I apply for my FFL. They said as long as you are in compliance with those federal laws, we have to issue your federal firearm license to you. If I sat on my laptop and somebody made a purchase from my website which may be automated or I may have to manually push the order through, I would be in violation of no law. No firearms coming to my home. No customers coming to my home. The customer still has to go to a physical FFL. This is called a transfer. This is a legal thing already on the books. It's not something I'm asking them to make an exception. They're basically saying, well, we're going to control the flow of commerce by telling you you first have to open a store for however much that costs and then apply for the license. So if I don't get the license, how do I recruit the money for my store if my license is denied? All right. Okay. Well, I think we understand the arguments. We're going to reserve decision as we did with the others that we heard today. But thank you for your time. Thanks for the arguments. With that, we have- Can I make a quick statement? I would like to send a letter to the court just pointing out the specific exhibits that back up what I'm saying so you don't have to dig through everything. No, that's okay. We have the record. We can do that. We're taking notes here as we listen. So you don't need to do that. All right. So with that, let me ask our courtroom deputy to adjourn court for the day.